

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN W. VON HOLDT, JR., JANICE ANDERSON and PLAS-TOOL CO., | |
| Plaintiffs, | Case No. 04 C 4123 |
| v. | Judge Blanche M. Manning |
| A-1 TOOL CORPORATION, ALFONSO ARCINIEGAS, GEOFFREY LUTHER, and LEROY LUTHER, | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiffs Plas-Tool Co. ("Plas-Tool"), John von Holdt, Jr., ("von Holdt") and Janice Anderson's ("Anderson") (collectively, "plaintiffs") motion for leave to file a second amended complaint is before the court. For the following reasons, the motion is granted.

### Background

The following background information is taken from plaintiffs' motion. Plaintiffs filed this lawsuit on June 18, 2004, and amended it soon thereafter to correct typographical errors. Plas-Tool is a manufacturer of plastic-injection pail molds and is the licensee of the patent at issue in this case. The First Amended Complaint makes claims of patent infringement and violation of the Illinois Trade Secret Act against defendant Arciniegas (a former project manager and salesman of Plas-Tool), A-1 (Arciniegas' current employer), and Geoffrey and LeRoy Luther

1

(principals of A-1).

Two months before filing the instant lawsuit, Plas-Tool had filed a lawsuit in the Circuit Court of Cook County, Law Division, captioned *Plas-Tool Co. v. Arciniegas*, 04 L 4939 ("state court action"). In the state court action, Plas-Tool alleged that Arcieniegas had diverted Plas-Tool's corporate opportunities while he was employed at Plas-Tool, and after he left and became employed at A-1. It thus asserted claims against Arciniegas for breach of fiduciary duty and tortious interference with business expectancies. After Plas-Tool filed the state court action, it filed the instant action for patent infringement and misappropriation of confidential, proprietary, and/or trade secret information belonging to Plas-Tool.

During discovery in the state court action, plaintiffs state that they obtained information implicating not only A-1, Arciniegas, and the Luthers, but also Triangle Tool Corporation ("Triangle"), which owns A-1, in the alleged patent infringement and misappropriation of Plas-Tool's trade secrets. Plas-Tool also states that they obtained information implicating A-1, the Luthers, and Triangle in Arciniegas' alleged breach of fiduciary duty to Plas-Tool and alleged tortious interference with Plas-Tool's business relationships and expectancies.

Accordingly, plaintiffs seek to amend the instant complaint to reflect additional state law tort claims (which were alleged in the pending state court action) against defendants and to add Triangle as a defendant. Specifically, plaintiffs seek to amend the current complaint to add Triangle as a defendant for patent infringement and misappropriation of trade secrets and to assert the following additional claims: breach of fiduciary duty against Arciniegas, inducement to breach fiduciary duty against Geoffrey Luther, LeRoy Luther, A-1, and Triangle; tortious interference with business expectancies against all defendants and Triangle; and conspiracy to

tortiously interfere with business expectancies against all defendants and Triangle.

Defendants respond that they are "concerned not only by the questionable merit of the claims raised in the proposed Second Amended Complaint, but also by the jurisdictional problems spawned by adding numerous state claims that dominate the proof, the scope of the issues raised, and the comprehensiveness of the remedy sought." However, they state that they will withdraw their opposition to the current motion for leave to file a second amended complaint subject to the court imposing certain conditions: that the plaintiffs dismiss their state action before the second amended complaint is allowed to be filed; that defendants not be found to have waived any defenses to the claims, and that admissions in the state action be admissions in the federal action. Defendants state that if the court adds the following conditions to the order, it will withdraw its objections, otherwise, defendants state that they object based on the existence of a previously filed action "where issue has been joined and discovery has taken place."

## **Discussion**

Fed. R. Civ. P. 15(a) provides that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Court is instructed to freely grant leave to amend a complaint where justice so requires. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir.2004). "The liberal policy of allowing amendments to be freely made is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Jack-Goods v. State Farm Mut. Auto. Ins. Co.*, No. 01 C 6536, 2003 WL 21788986, at *2 (N.D.Ill. July 30, 2003) (internal citations omitted). A trial court may deny a motion to amend where there is undue delay, bad faith, dilatory motive by the plaintiff,

prejudice to the opposing party, or the amendment is futile. *Dubicz*, 377 F.3d at 792; *Park v. City of Chicago*, 297 F.3d 606, 612-13 (7th Cir.2002).

Putting aside defendants' "conditions" for the moment, the only basis for defendants' objection to this motion is that a state court action is currently pending on the proposed amendment, which this court interprets as an objection based on prejudice to the opposing party. However, plaintiffs state that they will "immediately" dismiss without prejudice the state court action upon being granted leave to amend the current complaint in the instant action. Given that the court is directed to freely grant motions to amend and in the absence of any basis to find undue delay, bad faith, dilatory motive by the plaintiff, prejudice to the opposing party, or futility, the court grants plaintiffs' motion. The court will not address defendants' other "conditions," i.e., that defendants not be found to have waived any defenses to the claims or that the admissions in the state action be admissions in the federal action, as they are unnecessary to the resolution of this motion.

Plaintiffs' motion for leave to file a second amended complaint [23-1] is granted. Plaintiffs are ordered to seek dismissal of the state court action within seven court days of the date of the entry of this order.

DATE: 2-2-05

Blanche M. Manning
United States District Judge