# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN W. VON HOLDT, JR., JANICE ANDERSON and PLAS-TOOL CO., )<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>A-1 TOOL CORPORATION, ALFONSO ARCINIEGAS, GEOFFREY LUTHER, and LEROY LUTHER, )<br>    Defendants. ) | 04 C 4123<br>Judge Manning |

## MEMORANDUM AND ORDER

Before the court is Plaintiffs' motion for section 1292(b) certification for immediate appeal of the order denying leave to file RICO claims, or in the alternative for reconsideration, or in the alternative, for leave to amend. For the reasons stated below, the motions for immediate certification and reconsideration are denied. Plas-Tool's alternative motion for leave to file an amended complaint is granted as provided herein.

## I. BACKGROUND

The court will assume familiarity with the facts of the case and its previous order of May 3, 2005. However, the court provides the following as a brief background.

Plaintiff Plas-Tool designs and manufactures plastic injection molds used to create plastic pails or buckets ("pail molds") using a proprietary process. Plas-Tool filed suit against one of its former employees (defendant Alfonso Arciniegas), the companies that the former employee became affiliated with after he left Plas-Tool (defendants A-1 Tool and Triangle Tool), and the principals of these companies (defendants Geoffrey Luther and Leroy Luther).

Plas-Tool sought leave to file a third amended complaint to add a claim based on RICO and the Computer Fraud and Abuse Act ("CFAA"). The defendants opposed the motion, contending that the proposed amendments fail to state a claim upon which relief may be granted and thus are futile. The court granted leave to Plas-Tool to amend its complaint to add a CFAA claim but concluded that the proposed complaint failed to state a RICO claim. Plas-Tool now moves for section 1292(b) certification for immediate appeal of the order denying leave to file RICO claims, or in the alternative for reconsideration, or in the alternative, for leave to amend.

## II.    ANALYSIS

### A.    Plas-Tool's Motion for 1292(b) Certification

Section 1292(b) permits district courts to certify an order for immediate appeal if the order sought to be appealed involves: (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). To prevail, the party seeking certification must demonstrate all of the factors. *Id*. The fact that an immediate appeal will advance the litigation is not sufficient in and of itself. *Id*. Certification under 1292(b) "is the exception, not the rule," and therefore, courts should only "sparingly" grant permission. *In re Brand Name Prescription Drugs*, 1998 WL 808992, at *3 (N.D. Ill. Nov. 17, 1998). The movant thus "bears a heavy burden" of demonstrating that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment." *Id.*

"[C]ertification should be granted only if there is a contestable and controlling question of law, the resolution of which will hasten the end of the litigation." *JamSports & Entertainment,*

*LLC v. Paradama Prods.*, 02 C 2298, 2004 WL 2943649, at *3 (N.D. Ill. Dec. 20, 2004) (*citing Ahrenholz,* 219 F.3d at 675). A question of law is "controlling" if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).

In its May 3, 2005 order denying Plas-Tool's motion to amend its complaint to add a RICO count, the court concluded that as to the allegation of a pattern of racketeering activity, Plas-Tool had not alleged open-ended or closed-ended continuity. Specifically, the court stated:

> There are two types of continuity: closed-ended and open-ended. *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 241 (1989). Closed-ended continuity refers to a "closed period of repeated conduct," while open-ended continuity refers to conduct that "projects into the future with a threat of repetition." *Id*. There is no open-ended continuity in this case because the fraudulent scheme alleged in the complaint, at least for the purposes of RICO, occurred at the end of 1997 and ended when Arciniegas left Plas-Tool and began working for A-1. The alleged wrongful acts that occurred afterwards while Arciniegas was working for A-1 are based on his alleged use of the trade secrets he purportedly took from Plas-Tool and thus do not constitute a new predicate act. *See Mgmt. Comp. Services, Inc. v. Hawkins, Ash, Baptie & Co.*, 883 F.2d 48, 51 (7th Cir. 1989) (alleged predicate acts related to subsequent use of misappropriated software "go to the issue of damages" rather than constituting a new RICO offense).
>
> With respect to whether the predicate acts establish closed-ended continuity, the court must consider: (1) the length of time over which the predicate acts occurred; (2) the variety of predicate acts; and (3) the number of predicate acts, victims, schemes, and distinct injuries. *See Jones v. Lampe*, 845 F.2d 755, 757 (7th Cir. 1988). The length of time over which the predicate acts occurred is the most critical factor. *Vicom, Inc. v. Harbridge Merchant Servs.*, Inc., 20 F.3d 771, 780 (7th Cir. 1994). Here, the predicate acts in this case occurred over a period of approximately two months. *See Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041, 1049 (7th Cir. 1998) (relevant time period is the length of time over which the predicate acts occurred, rather than the duration of the scheme). This time period is not enough to establish closed-ended continuity. *See Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d at 780-81 (a time frame of less than nine months "suffers from serious durational problems" and is not enough to satisfy the durational aspect of closed-ended continuity); *see also Uni*Quality,*

> *Inc. v. Infotronx, Inc.*, 974 F.2d 918, 922 (7th Cir. 1992) (scheme that lasted seven to eight months is "precisely the type of short-term, closed-ended fraud that, subsequent to *H.J., Inc.*, this circuit consistently has held does not constitute a pattern"); *Flextronics Intern. P.A., Inc. v. Copas*, 327 F.Supp.2d 934 (N.D. Ill. 2004) (plaintiff failed to allege a pattern of racketeering activity because ten predicate acts of mail and wire fraud within a seven month period in furtherance of a single scheme that caused a distinct injury to a single victim do not constitute closed-ended continuity).

The first requirement for certification is that the order being appealed from involve a controlling issue of law. The Seventh Circuit defines a "controlling question of law" as an issue "the court of appeal could decide quickly and cleanly without having to study the record," such as "the meaning of a statutory ... provision." *Ahrenholz*, 219 F.3d at 676-77.

Plas-Tool characterizes the question of law it seeks to certify as follows: "Can alleged predicate acts relating to the continuing unlawful use of trade secrets constitute predicate acts under RICO?"[1] It is true that this court's ruling that Plas-Tool had failed to allege a pattern of racketeering conduct, and thus, had failed to properly plead RICO reduced Plas-Tool's potential damage award significantly given that RICO allows a plaintiff to recover treble damages. Thus, this fact can provide grounds for concluding that a controlling question of law is at issue. *Mister v. Illinois Central Gulf R.R. Co.*, 790 F. Supp. 1411, 1426 (S.D. Ill. 1992) (a ruling "which substantially limit[s] the damages the plaintiffs [could have] recover[ed]" can constitute a "controlling question of law."). As to whether the issue is a pure question of law, the court agrees that the question as posed is a pure question of law that could be decided without a review of the record. Accordingly, the court finds that the first requirement is met for purposes of this motion. *Hollinger Int'l, Inc. v. Hollinger, Inc.*, No. 04 C 0698, 2005 WL 327058, at *3 (N. D.

---

[1] The court does not opine on whether this is an accurate statement of what the proposed issue for certification should be.

Ill. Feb. 3, 2005) (finding that because ruling barring plaintiffs' RICO claims reduced its potential award by two-thirds and the issue was one of law that could be dealt with quickly, the first prong for certification was met).

The second requirement is that substantial ground for a difference of opinion exist on the question of law. To demonstrate this prong, the movant must show that "there are substantial conflicting decisions regarding the claimed controlling issue," or where the controlling question "is not settled by controlling authority," there is "a substantial likelihood" that the district court's decision will be reversed on appeal. *Gamboa v. City of Chicago*, 2004 WL 2877339, at *4 (N.D. Ill. Dec.13, 2004). The movant thus may not prevail by simply showing a "lack of judicial precedent" or that the issue is one of first impression. *See In re Bridgestone/Firestone, Inc.*, 212 F. Supp. 2d 903, 909 (S.D. Ind. 2002); *Demert & Dougherty v. Goodman*, 2001 WL 1539063, at *6 (N.D. Ill. Nov.30, 2001). Instead, the party seeking certification must show "substantial conflicting positions regarding the issue of law proposed for certification." *In re Bridgestone/Firestone, Inc.*, 212 F. Supp. 2d at 909-10.

Plas-Tool contends that the court's May 3, 2005 ruling is "contrary to decisions by the Supreme Court, the Seventh Circuit, and Federal Circuit" and that it is "contrary to Judge Williams' denial of a summary judgment motion to dismiss a RICO claim in a case factually indistinguishable from the present case." Plas-Tool then goes into a lengthy discussion of what they assert to be the conflicting caselaw and how this court's ruling was wrong based on that caselaw.

However, the court need not address in detail the caselaw (which is discussed more appropriately below with respect to the motion for reconsideration) because the third requirement

for certification is clearly not met.  The final section 1292(b) requirement is whether an immediate appeal may "materially advance the ultimate termination of the litigation."  As noted by A-1, "where the pertinent question is relevant to only one of several claims, the courts have held that an immediate appeal will not materially advance the termination of the case, and interlocutory review should be denied."  *In re Brand Name Prescription Drugs*, 878 F. Supp. 1078, 1082 (N.D. Ill. 1995).

In this case, not only is the proposed issue relevant to only one claim, but a resolution of the proposed certified issue will not necessarily save Plas-Tool's RICO claim.  A-1 raised a number of bases for dismissal of the RICO claim which the court did not address in its ruling on Plas-Tool's motion to amend to add the RICO count.  Thus, even if the Federal Circuit ruled favorably to Plas-Tool, the other bases for not allowing the RICO claim would presumably have to be addressed.  Thus, the court finds that the third requirement that an immediate appeal would materially advance the ultimate termination of the litigation has not been satisfied.

Because this court finds that Plas-Tool has not met all three of the section 1292(b) requirements, it denies the motion for immediate certification.

> **B.** **Plas-Tool's Motion for Reconsideration, or in the Alternative, Motion for Leave to Amend**

Plas-Tool has also moved for reconsideration of the court's May 3 ruling.  Plas-Tool contends that this court's conclusion that no open-ended continuity existed because the fraudulent scheme alleged in the complaint (i.e., Arciniegas' alleged theft of trade secrets from Plas-Tool) occurred only over a two-month period of time is incorrect.  According to Plas-Tool,

this conclusion is "contrary to decisions by the Supreme Court, the Seventh Circuit, and Federal Circuit" as well as a decision denying summary judgment by then-District Judge Ann Williams.

A motion for reconsideration will be granted where:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990)(citation omitted).

Here, as noted above, Plas-Tool does not assert any of the above grounds for reconsideration. Plas-Tool does not assert that the court patently misunderstood it, or made a decision outside the adversarial issues presented to it, or has made an error of apprehension. Most importantly, Plas-Tool does not argue a controlling or significant change in the law or facts. Essentially, Plas-Tool contends that the court got it wrong. While perhaps providing a ground for appeal, this is not a proper basis to grant a motion for reconsideration. Accordingly, the motion for reconsideration is denied.

In the alternative, Plas-Tool has moved for leave to amend its complaint to add certain facts in support of its RICO claim, which it says will cure the basis for the court's denial of Plas-Tool's last motion to add the RICO claim. Plas-Tool, however, has failed to include its proposed amended complaint. A-1 contends that Plas-Tool should not be granted leave to file the proposed amended complaint because it has not attached a copy of the proposed amended complaint. A-1 further states that Plas-Tool should be prohibited from filing the amended

complaint based on undue delay, bad faith, repeated failure to cure deficiencies, and futility. However, A-1 fails to state how the proposed changes to the RICO claim would be futile.

Given the convoluted procedural history of this case and the numerous filings and cross-filings related to the complaints and proposed complaints filed in this action, on June 30, 2005, this court entered a scheduling order in an attempt to restore some semblance of order to this case.

Accordingly, in the interest of dealing with all of the issues associated with the complaint in one fell swoop, Plas-Tool is granted leave to add allegations to its RICO claim, but only as stated in footnote 2 of its May 24, 2005 motion for 1292(b) certification, or reconsideration, or leave to amend. Pursuant to the June 30, 2005 order, Plas-Tool is ordered to file its Third Amended Complaint within 10 days of the date of entry of this order. The Third Amended Complaint shall include a memorandum listing in detail the changes made to the complaint other than the addition of a CFAA claim. Fourteen days thereafter, the defendants may file a motion to dismiss directed at the third amended complaint and, if they feel it is warranted, a motion to strike directed at the third amended complaint. The plaintiffs shall file a response fourteen days after that, and the defendants may file a reply seven days thereafter.

## II. CONCLUSION

Plaintiffs' motions for certification and reconsideration [132-1] are denied. Plaintiffs are granted leave to amend as provided herein.

DATE: July 25, 2005

**Blanche M. Manning**
**United States District Judge**