# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4123 | **DATE** | August 3, 2010 |
| **CASE TITLE** | *Von Holdt, et al. v. A-1 Tool, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiffs motion to reconsider [864-1] is granted in part and denied in part. The plaintiffs are directed to file a memorandum no later than August 13, 2010, addressing whether, under the relevant standard, this court may properly exercise supplemental jurisdiction over the state law claims. The court will issue an order as to whether a response brief is necessary after the plaintiffs' brief has been filed.

■[ For further details see text below.]

00:00

## STATEMENT

On May 17, 2010, this court entered summary judgment against the plaintiffs on their patent infringement and Computer Fraud and Abuse Act claims. The plaintiffs also alleged several state law claims including violations of the Illinois Trade Secrets Act (Count III), breach of fiduciary duty (Count IV), inducement to breach fiduciary duty (Count VII), tortious interference with business expectancies (Count VIII), and conspiracy to tortiously interfere with business expectations (Count IX). Having disposed of the federal law claims over which the court had original jurisdiction, the court declined to exercise supplemental jurisdiction over the state law claims, as circuit precedent dictates. *See Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007)(in the Seventh Circuit, there is a "sensible presumption that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims")(emphasis in original). The plaintiffs have filed a motion to reconsider this court's May 17, 2010, judgment order on the grounds discussed below. For the reasons stated herein, the motion is granted in part and denied in part.

Motion to Reconsider Standard

This court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Accordingly, rehashing of previously raised arguments in a motion to reconsider is inappropriate. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A motion to reconsider will be granted only based on newly discovered evidence, an intervening change in the controlling law, or a manifest error of law. *See Hicks v. Midwest Transit, Inc.*, 531 F.3d 467 (7th Cir. 2008).

Retention of Supplemental Jurisdiction

## STATEMENT

The plaintiffs note that Plas-Tool previously filed a lawsuit against Alfonso Arciniegas in state court but voluntarily dismissed that case pursuant to 735 ILCS 5/13-217 to file the instant lawsuit. Under Illinois law, a party can refile only once a complaint that it has previously voluntarily dismissed. *Timberlake v. Illini Hosp.*, 676 N.E.2d 634, 636 (Ill. 1997)("This court has interpreted section 13-217 as permitting only one refiling even in a case where the applicable statute of limitations has not yet expired.")(citation omitted). Based on the one refiling rule of § 13-217, the plaintiffs contend that they are in substantial risk that an Illinois court will not allow them to refile their complaint a third time. As such, they argue that the court must retain supplemental jurisdiction over the state law claims.

The Seventh Circuit has noted that a decision not to retain supplemental jurisdiction over state law claims once the federal claims have been dismissed "is ... the norm, ... and such a decision will be reversed only in extraordinary circumstances." *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001). In deciding to relinquish jurisdiction over the state law claims in this case, the court was unaware that plaintiff Plas-Tool had previously filed suit in state court against Arciniegas alleging claims based on facts similar in part to those in the instant case. This court agrees with the plaintiffs that a strong likelihood exists that an Illinois court would conclude that a new complaint filed by these plaintiffs alleging the state law claims noted above would be dismissed as a violation of the one refiling rule under § 13-217. *See Timberlake*, 676 N.E.2d at 636 (holding that plaintiff barred from returning to state court after voluntarily dismissing first suit filed in state court and federal court in second suit declined to exercise supplemental jurisdiction over the state law claims after dismissing the federal claims). Accordingly, the court grants the plaintiff's motion to reconsider and vacates that portion of its May 17, 2010, judgment order declining to exercise jurisdiction over the state law claims. *Huffman v. Hains*, 865 F.2d 920, 925 (7th Cir. 1989)("*Duckworth* [*v. Franzen*, 780 F.2d 645 (7th Cir. 1985)] and *O'Brien* [*v. Continental Illinois Nat'l Bank and Trust Co.*, 593 F.2d 54 (7th Cir. 1979)] stand for the proposition that where serious doubts exist about whether the plaintiff may bring his state-law claims in state court, the district court should retain pendent jurisdiction over those claims after dismissing the federal claims").

However, by granting the motion to reconsider, the court is not concluding that supplemental jurisdiction necessarily exists. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court exercising original subject matter jurisdiction over federal claims has supplemental jurisdiction over related state law claims "so long as they derive from a common nucleus of operative fact with the original federal claims." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (internal quotations omitted) (quoting *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008)). *See also Microthin.com, Inc. v. Siliconezone USA, LLC*, No. 06 C 1522, 2006 WL 3302825, at *4 (N.D. Ill. Nov. 14, 2006)(concluding that supplemental jurisdiction did not exist over state law tort claims because the "facts underlying the [tort] counterclaims do not share a common nucleus of operative fact with the patent claims").

The plaintiffs are directed to file a memorandum no later than August 13, 2010, addressing whether, under the relevant standard, this court may properly exercise supplemental jurisdiction over the state law claims. The court will issue an order as to whether a response brief is necessary after the plaintiffs' brief has been filed.

| STATEMENT |
|---|

Patent Infringement

      The plaintiffs also move to have the court reconsider the judgment entered in favor of the defendants on the patent infringement claim. Specifically, the plaintiffs contend that this court erred when it concluded that the plaintiffs had not demonstrated a genuine issue of material fact whether notice of infringement was provided to the defendants.

      The court has carefully reviewed all of the parties' briefs with respect to the motion to reconsider. The plaintiffs simply rehash arguments previously made and contend that this court got it wrong. The court addressed all of the plaintiffs' arguments in its order on the motion for summary judgment and concludes that no basis (*i.e.*, newly discovered evidence, an intervening change in the controlling law, or a manifest error of law) exists on which to revisit its conclusions now. Accordingly, the plaintiffs' motion to reconsider the May 17, 2010, judgment order as to the patent infringement claim is denied.

RH/ph