Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4123 | **DATE** | August 18, 2010 |
| **CASE TITLE** | *Von Holdt, et al. v. A-1 Tool, et al.* | | |

**DOCKET ENTRY TEXT**

The court concludes that it may exercise supplemental jurisdiction over the plaintiffs' state law claims. Accordingly, the case is reopened for the purpose of litigating the state law claims. The parties are directed to file a joint position statement no later than August 25, 2010, addressing scheduling. *The parties are strongly urged to pursue settlement negotiations with the magistrate judge.*

■[ For further details see text below.]

00:00

## STATEMENT

The court assumes familiarity with the facts and current posture of the case. In brief, the court granted summary judgment on the two federal claims in this case and declined to exercise supplemental jurisdiction over the state law claims. The plaintiffs moved for reconsideration on the ground that certain of the plaintiffs had already voluntarily dismissed their first suit filed in state court and thus would likely be precluded under Illinois law from refiling their claims in state court. Accordingly, the court granted this aspect of the motion to reconsider and directed the plaintiffs to file a brief addressing whether the court may properly exercise supplemental jurisdiction over the state law claims. The plaintiffs have filed their brief and the court agrees with the plaintiffs that it may exercise supplemental jurisdiction over the state law claims under the relevant legal standard.

"[F]ederal courts may exercise supplemental jurisdiction over a state claim if the state and federal claims 'derive from a common nucleus of operative fact.'" *Hansen v. Board of Trustees of Hamilton Southeastern School Corp.*, 551 F.3d 599, 607 (7th Cir. 2008)(*citing United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008)(citation omitted). Here, the plaintiffs' two federal claims were patent infringement and alleged violations of the Computer Fraud and Abuse Act. The plaintiffs also alleged several state law claims including violations of the Illinois Trade Secrets Act (Count III), breach of fiduciary duty (Count IV), inducement to breach fiduciary duty (Count VII), tortious interference with business expectancies (Count VIII), and conspiracy to tortiously interfere with business expectations (Count IX). Plaintiff Plas-Tool designed and built molds for plastic pails. In addition to alleging that the defendants infringed on certain features of the plaintiffs' patents, the plaintiffs generally allege that the defendants violated the Illinois Trade Secrets Act by stealing trade secrets to design and manufacture infringing molds. The other state law claims, breach of fiduciary duty, inducement to breach fiduciary duty, tortious interference with business expectancies and conspiracy to tortiously interfere, are based on the plaintiffs' allegations that a former

| STATEMENT |
|---|

employee/officer purportedly took and disclosed to the defendants some of the plaintiffs' confidential information. Thus, these state law claims are loosely connected to the plaintiffs' allegations under the Computer Fraud and Abuse Act that this former employee/officer improperly accessed the plaintiffs' computers prior to leaving the plaintiffs' employment and stole protected information for the purpose of diverting business to his new employer, one of the defendants.

      Thus, the court concludes that it may properly exercise supplemental jurisdiction in this case.

RH/p